(No. 7076— )

VIRGINIA MEADE *et al.*, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 16, 1981.*

BROWN, KAPLAN & SHINITZKY (EDWIN J. SHINITZKY, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (SAUL R. WEXLER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter arises in tort due to an accident on the State built and maintained bridge on Route I—80 across the Rock River in Rock Island, Illinois, on September 5, 1971.

The death claim arose as a result of an alleged speeding up of a previously undiagnosed cancer condition. The death occurred several months after the accident, at which time the maximum allowable by statute was $100,000.00. At the time the accident occurred on September 5, 1971, the limitation was fixed by statute at $25,000.00.

This case was tried upon a stipulation of facts entered into between the parties hereto. The surface of the bridge in question was alleged by Claimant to have been defective in that it became very slippery when wet and that, as a result of the slippery condition, the accident resulted in the death of the deceased.

The evidence shows that there had been numerous accidents under similar conditions and that the State was well aware of these conditions. The evidence also indicates that an investigation was made by the State of the material used in the bridge and, as a result of said investigation, the material was removed and replaced by another material. Claimant alleges that, according to State Police reports, there had been fourteen similar accidents in a relatively short period of time upon this

particular bridge surface and, as a result of these accidents, the State should have known of the dangerous condition and should have taken precautions to alert and warn the traveling public of the extraordinarily dangerous condition of the bridge surface. The evidence further discloses that the only warning signs were the customary "Bridge Slippery When Wet."

Claimant's brief cites the case of *Bovey v. State of Illinois*, 22 Ill. Ct. Cl. 95. This case is one practically on point with the present case. In the *Bovey* case, the Court held there had been many complaints about the dangerous condition of an existing surface on a bridge and that the State had actual notice of the hazardous condition of the bridge floor, especially the hazard existing during the periods wherein the bridge was icy and slick. In this case, as in the present case, the surface that contributed to the accident in question was replaced.

In the *Bovey* case, the Court held that it was the duty of the State to warn the motoring public of the hazardous condition of the steel bridge which became icy and slick on occasions when the approaching highway and other bridges in the area did not become icy. The Court further held that a sign reading "Bridge Slippery When Wet—Frosty" was not sufficient warning when no outward evidence of frost or ice was apparent to the motoring public.

In the present case, the bridge became dangerous when slippery or wet, and yet despite numerous accidents when the bridge was slippery and wet, the State had done little to warn or protect the traveling public of the dangerous situation.

In 22 Ill. Ct. Cl. 126, this Court held that where an accident was caused because the warning devices were not operating at the time of the accident, the State was

responsible for the damage that occurred as a result of the accident because of the failure to warn the traveling public of the dangerous condition.

It is the opinion of the Court that the State was negligent, that the negligence was the proximate cause of the accident, and that no conclusive proof was shown of any contributory negligence on the part of Claimant, who sustained the injuries and later died.

It is also the opinion of the Court that the limitation on the amount fixed by statute is $25,000.00, which was the maximum allowable at the time the accident occurred, and is the amount of recovery available to Claimant.

It is the further opinion of the Court that no wrongful death was proven herein.

Claimant, Virginia Meade, is hereby awarded the amount of $25,000.00, less $13,500.00 she has previously received on a covenant not to sue, or a net award in the amount of $11,500.00.